**SONG BIAO WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, et al.,[1] Respondents.**

**No. 07–4015–ag.**

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Craig T. Donovan, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Aliza B. Alyeshmerni, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Song Biao Wang, a native and citizen of the People's Republic of China, seeks review of an August 24, 2007 order of the BIA affirming the September 19, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Biao Wang,* No. A97 959 147 (B.I.A. Aug. 24, 2007), *aff'g* No. A97 959 147 (Immig. Ct. N.Y. City, Sep. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ We find no error in the agency's determination that Wang failed to meet his burden of proof for asylum, withholding of removal, and CAT relief. The agency correctly determined that neither Wang's wife's forced abortion nor the forced IUD insertion she endured, by itself, constitutes past persecution as to Wang. *See Shi Liang Lin v. United States Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (en banc) (holding that spouse of someone who has been forced to undergo an abortion or sterilization is not automatically eligible for refugee status);[2] *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir.2007) (same).

To the extent Wang alleged his own "other resistance to a coercive population control program," 8 U.S.C. § 1101(a)(42)(B), we identify no error in the agency's finding that evidence of Wang's joint decision with his wife that she should evade a January 2004 gynecological examination was insufficient to merit relief. Even if a joint decision to evade a family planning inspection constitutes "resistance," the record does not compel a conclusion that Wang was persecuted on account of such resistance. *See* 8 U.S.C. § 1252(b)(4)(B). Nor does the record compel a conclusion that Wang paid a substantial fine to Chinese authorities because of his other resistance; rather, "the couple paid a fine of 20,000 RMB for having birth

prior to approval." Petitioner's Br. at 9. *See Shi Liang Lin*, 494 F.3d at 313 (holding that "impregnating one's girlfriend is not alone an act of 'resistance.'" (citation and quotation marks omitted)).

■ Wang's claim that he has a well-founded fear of future persecution in China based on his resistance to a coercive population control program is also without merit. Although Wang states that he will resist the family planning policy by having additional children with his wife, which could subject him to sterilization, we have previously concluded that such an assertion is insufficient, by itself, to demonstrate a non-speculative fear of future persecution. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (finding "speculative" a petitioner's fear of persecution based on having one child in China with his previous wife, and one child in the United States with his new wife). Wang has not presented any other evidence that indicates he has an objectively reasonable well-founded fear of persecution on account of China's family planning policy. *See, e.g., Matter of J–W–S–*, 24 I. & N. Dec. 185, 194 (B.I.A.2007).

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief, to the extent those claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, the agency did not err in denying Wang's request for CAT relief to the extent it was based on his illegal de-

---

2. Judge Sotomayor continues to believe that the majority opinion in *Shi Liang Lin* was in error to the extent that it applied beyond unmarried partners, *see Shi Liang Lin*, 494 F.3d at 327 (Sotomayor, J., concurring), but

notes that the Attorney General has since adopted the Court's construction of the statute and overruled the BIA's former *per se* rule of spousal eligibility, *see In re J–S–*, 24 I. & N. Dec. 520 (A.G.2008).

parture from China. Although Wang submitted evidence that some individuals who leave China illegally are imprisoned upon their return, and that human rights violations including torture occur in Chinese prisons, this is insufficient to establish a clear probability of torture for a particular illegal emigrant. *See Mu Xiang Lin v. United States Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.